# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JON COVINGTON PORTER, et al** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-4366-ILRL-SS** |
| **OMNI HOTELS MANAGEMENT CORPORATION** | |

## ORDER

PLAINTIFFS' MOTION TO COMPEL (Rec. doc. 8)

**GRANTED IN PART AND DENIED IN PART**

Before the undersigned is the motion of the plaintiffs, Jon Covington Porter and Kacynthia Porter, to compel discovery responses from the defendant, Omni Hotels Management Corporation, and for sanctions.[1]

Jon Porter alleges that on March 11, 2008, he slipped and fell in the bathroom of his hotel room at Omni Royal Crescent at 535 Gravier Street. Porter contends that the floor mat was incompatible with the highly polished marble tile floor. Rec. doc. 1 (Attachment). The discovery deadline is November 2, 2009, the pretrial conference is set for December 1, 2009, and the trial is set for December 14, 2009. The deadline for reports of plaintiffs' experts has expired. The witness and exhibit lists and the defendant's reports of experts are due on Friday, October 2, 2009. Rec. doc. 7.

The plaintiffs served a draft notice of the Fed. R. Civ. P. 30(b)(6) deposition notice on

---

[1] On September 30, 2009, counsel for the plaintiffs requested a telephone discovery conference. After reviewing the record, including plaintiffs' motion to compel and defendant's response, it was determined that a ruling should be issued on the motion as promptly as possible. A telephone discovery conference is not required.

October 16, 2008 (Rec. doc. 8-Exhibits 1-2). The deposition was not taken until May 20, 2009 (Rec. doc. 8-Exhibit 5). Although the plaintiffs contend that the defendant failed to respond properly to Rule 30(b)(6) notice, the motion to compel was not filed until September 9, 2009 and the plaintiffs did not seek expedited consideration. Instead it was set for October 7, 2009. Rec. doc. 8.

The plaintiffs urge that: (a) the representatives produced by the defendant (the current manager of the hotel and its safety officer) were not competent to testify on all areas identified in the notice; (b) there was no one to testify about the defendant's selection of the marble flooring or the mat for the bathroom, including safety considerations; and (c) the defendant failed to produce documents, including those relating to the selection of the marble flooring and the mat.

The defendant responds that: (a) it intended to produce the manager on duty at the time of the accident (Ellen Wilson), but she is no longer employed by defendant and refuses to cooperate; (b) it will produce Jim Kuth in his hometown (not identified) to testify on the procurement of mats and the factors considered when they were selected; (c) it will produce Mary Meycynek in her hometown (not identified) to testify concerning the purchase of the marble flooring and the factors considered when it was selected; and (d) it will produce a safety instructions manual and reports on similar incidents at the hotel.

The parties shall proceed as follows:

1. **Within ten (10) working days of the entry of this order**, the defendant shall produce the documents relating to the selection of the marble floor for the bathroom and the mat used in the bathroom, including any documents relating to safety considerations.

2. **Within ten (10) working days of the entry of this order**, the defendant shall produce the safety instructions manual and reports of similar incidents at the Omni Royal Crescent at 535

Gravier Street.

3.    **Within five (5) working days of the entry of this order**, the defendant shall provide

plaintiffs with the last known address for Ellen Wilson.

4.    At a mutually convenient time and location, the defendant shall produce Jim Kuth and Mary

Meycynek for their depositions in New Orleans, if they are current employees of the

defendant.  If they are not, they may be deposed by telephone with both parties pre-marking

all exhibits and providing them to the witnesses and each other at least 48 hours prior to the

depositions.  The defendant states that the plaintiffs have not designated an expert.  Rec. doc.

10 at 3. The plaintiffs' deadline for delivering reports of experts was September 2, 2009.

**This order cannot be construed as an extension of any of the deadlines in the scheduling**

**order**.

The plaintiffs' request for sanctions is denied.

IT IS ORDERED that plaintiffs' motion to compel (Rec. doc. 8) is GRANTED in PART and

DENIED in PART in accord with the terms of this order.

New Orleans, Louisiana, this 1st day of October, 2009.

**SALLY SHUSHAN**
**United States Magistrate Judge**